UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                              Case No. 09-CR-196

DERRICK AVERY and
SHAMIKA EVANS,

        Defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES IN
## SUPPORT OF GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER

I.    Introduction

    Defendants Derrick Avery and Shamika Evans (the "defendants") are charged in a multi-count indictment with several counts of Sex Trafficking of Children in violation of 18 U.S.C. § 1591(a)(1), Transportation of Minors for the Purpose of Prostitution in violation of 18 U.S.C. § 2423(a), and Conspiracy to commit such offenses in violation of 18 U.S.C. § 371. In order to protect the privacy and reputation of the minors involved, the government moves that the parties maintain the confidentiality of documents identifying those minors, that papers to become part of the public record in this case identify those minors only by their first and last initials, and that the minors be referred to only by their first and last initials at trial and at pre-trial and post-trial proceedings.

II. Argument

Because minors are involved, the privacy protection measures required by the Child Victims' and Child Witnesses' Rights Act (the "Act"), 18 U.S.C. § 3509, apply to this case.[1] The Act requires that certain measures be taken to protect the minors' privacy. Specifically, it provides as follows:

    (1)    Confidentiality of information -

    (A)    A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall -

    (i)    keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

    (ii)    disclose documents described in clause (I) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

    (B)    Subparagraph (A) applies to –

    (i)    all employees of the government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the government to provide assistance in the proceeding;

    (ii)    employees of the court;

---

[1] The Act defines a "child" as "a person who is under the age of 18, who is or is alleged to be . . . a victim of a crime of physical abuse, sexual abuse, or exploitation . . . or a witness to a crime committed against another person." 18 U.S.C. § 3509(a)(2). The Act defines a crime of "exploitation" to include "child prostitution." 18 U.S.C. § 3509(a)(6).

2

(iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

(iv) members of the jury.

(2) Filing under seal. - All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court -

(A) the complete paper to be kept under seal; and

(B) the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

18 U.S.C. §§ 3509(d)(1) and (2).

The Act also permits the court to issue a protective order "protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is significant possibility that such disclosure would be detrimental to the child." 18 U.S.C. § 3509(d)(3)(A). A protective order may:

(i) provide that the testimony of a child witness, and testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and

(ii) provide for any other measures that may be necessary to protect the privacy of the child.

18 U.S.C. § 3509(d)(3)(B).

Although closure of the courtroom is authorized by statute, the government is not seeking closure at this time. Rather, the government merely asks that the minors involved be referred to by their first and last initials at trial and during pre-trial and post-trial proceedings. The government makes this request in an effort to protect the privacy and reputation of the minors involved, to minimize additional emotional trauma which likely would result from publication of their identities, and to minimize any personal embarrassment the minors will experience at trial.

The measures the government seeks pass constitutional muster. In *United States v. Broussard*, 767 F. Supp. 1545, 1546-48 (D. Or. 1991), the court upheld the redaction of child-identifying information from documents made part of the public record in a criminal case. The court specifically rejected defendant's argument that redaction of documents affected his First or Sixth Amendments right to a public trial. *Id.*

Moreover, in *United States v. Anderson*, 139 F.3d 291, 301-02 (1st Cir. 1998), *cert. denied sub. nom., Coutermarsh v. United States*, 525 U.S. 866, 119 S. Ct. 158 (1998), the First Circuit upheld a district court's order prohibiting the disclosure of the last names of two juvenile witnesses at trial. The defendants were charged, in part, with transporting the juveniles from Massachusetts to New Jersey for purposes of prostitution, in violation of 18 U.S.C. § 2423(a). Rely on 18 U.S.C. § 3509(d)(3), the district court "ordered that, in order to protect their identity the last names of the juvenile witnesses not be disclosed during the trial." *Anderson*, 139 F.3d at 302.

4

In this case, in addition to requesting that child-identifying information be redacted from documents that will become part of the public record, the government requests that the minors involved be referred to at trial by their first and last initials instead of by their full names. This restriction serves a compelling interest in "safeguarding the psychological well-being of a minor." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604-05, 102 S. Ct. 2613 (1982); *Broussard*, 767 F. Supp. at 1546. Such a restriction is necessary because these minors will be called as witnesses to testify regarding numerous acts of prostitution, and other incidents in which the minors engaged in sexual activity with adults.

The nature of the minors' testimony and their young ages warrants protection of their identities. If no protective measures are taken, and the minors' identities are disclosed, they will likely be subject to inquiries and scrutiny from their families, friends, classmates, and members of the community. Disclosure of the minors' identities will thus likely harm the minors' well-being.

There are no alternatives that would adequately protect the well-being and the privacy of the minors involved in this case. As in *Anderson*, the government is not requesting full closure of the courtroom during the minors' testimony; the government simply asks that the minors be referred to by their first and last initials. Consistent with this Court's October 15, 2009 Order, the government is providing defense counsel with discovery that includes the full names of the protected minors. Defendants will thus have the opportunity to conduct appropriate pre-trial investigation. Defendants will also have the opportunity fully to cross-

examine the minors at trial, and the Court can avoid even the possibility of any prejudice caused by referring to the minors by their first and last initials by giving the jury a cautionary instruction.

III. Conclusion

Given the compelling interest in protecting the welfare and privacy of the minors involved in this case, the government respectfully requests that the Court grant the requested relief.

Dated at Milwaukee, Wisconsin, this 21st day of October, 2009.

> Respectfully submitted,
>
> MICHELLE L. JACOBS
> United States Attorney

By:

> s/JOSEPH R. WALL
> Joseph R. Wall Bar Number: 1009796
> s/MELVIN K. WASHINGTON
> Melvin K. Washington Bar No. 1016020
> Assistant United States Attorneys
> Attorneys for Plaintiff
> Office of the United States Attorney
> Eastern District of Wisconsin
> 517 East Wisconsin Avenue, Room 530
> Milwaukee, WI 53202
> Telephone: (414) 297-1700
> Fax: (414) 297-1738
> E-Mail: Joseph.Wall@usdoj.gov
> E-Mail: Melvin.Washingtoin@usdoj.gov

6