# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                              Case No. 09-CR-196

DERRICK AVERY, et al.,

        Defendants.

## SECOND ORDER REGARDING DEFENDANT'S MOTION
## FOR ACCESS TO CONFIDENTIAL INFORMANT FILE

On March 21, 2010, Derrick Avery ("Avery") filed a motion seeking access to the file maintained by the FBI detailing Avery's actions as a confidential informant ("CI") starting in 1997. (Docket No. 57.) The motion alleges that the file might contain information about Avery's contact with law enforcement then that would now support a defense of entrapment by estoppel. (Docket No. 57.) The government opposed Avery's motion and stated that it had reviewed the file and determined that it does not contain any exculpatory information related to the current charges, does not contain any statements that would fall within Fed. R. Crim. P. 16(a)(1), and contains no information relevant to a claim of entrapment by estoppel. (Docket No. 67 at 11-14.)

The court determined that in balancing the government's concern of maintaining the confidentiality of its investigative files with Avery's right to adequately prepare a defense, an *in camera* review of the file was appropriate. Accordingly, the government was required to provide the court with the un-redacted and complete file. (Docket No. 70 at 2-6.)

Upon completing its initial *in camera* review of Avery's file, the court concluded that certain documents in these files might arguably be relevant to Avery's proffered defense. Therefore, with respect to these documents, the court concluded that the interests of the defendant outweigh the government's privilege.

The court ordered the government to provide these documents to Avery no later than May 21, 2010. However, if the government contended that particular information contained on any of the pages the court identified, such as names of certain individuals, remains sensitive and privileged and should not be fully disclosed pursuant to this order, the court permitted the government to submit proposed redacted versions of the documents as well as un-redacted copies to the court, *ex parte*, no later than May 14, 2010. The government subsequently submitted its proposed redacted version of the documents.

Based on a review of the government's proposed redactions, the court concludes that certain of the government's proposed redactions include potentially relevant information which outweighs the government's interest in maintaining secrecy. Contemporaneous with this order, the court is returning to the government the un-redacted copies, with the portions the court concludes should not be redacted circled in blue ink.

Within **14 days** of this order, the government shall provide Avery with a redacted copy of the previously identified pages from his CI file, (see Docket No. 82 at 2). The redaction shall conform with the modification made by the court in blue ink. These documents shall be subject to the protective orders that govern the dissemination of discovery in this case. (Docket Nos. 24, 29.)

**SO ORDERED.**

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a) (as amended effective December 1, 2009) whereby written objections to any order herein or part thereof may be filed within fourteen days of service of this order. Objections are to be filed in

accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 20th day of May, 2010.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge